**Sara Elena ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75707.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sara Elena Ortiz, Bullhead City, AZ, Pro Se Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Michael Jack Haney, Federal Deposit Insurance Corporation, Dallas, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Sara Elena Ortiz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying her application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's discretionary determination that Ortiz has failed to demonstrate the requisite "exceptional and extremely unusual hardship" for cancellation of removal. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

■ Ortiz contends that the IJ violated her due process rights when he failed to hold a new hearing to permit her to present additional evidence of hardship to supplement the evidence she had provided four years earlier. We are without jurisdiction to review this argument because Ortiz failed to raise it before the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

We also lack jurisdiction to review Ortiz's contention that the BIA incorrectly applied its streamlining regulations to her case. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003). Furthermore, Ortiz's contention that the BIA's streamlining regulations violated her due process rights is foreclosed by *Falcon Carriche,* 350 F.3d at 851.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.